UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EVANS,

        Plaintiff,

                                                  Case No. 05-CV-70861

vs.                                          HON. GEORGE CARAM STEEH

BOB EVANS FARMS, INC.,

        Defendant.

_____/

ORDER DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS
PREMISED ON LACK OF FEDERAL JURISDICTION (#9);
GRANTING, IN PART, DEFENDANT'S MOTION TO DISMISS PREMISED
ON LACK OF CLAIM NOTICE AND PLAINTIFF'S FAILURE TO
ABIDE BY BASIC RULES OF FEDERAL PROCEDURE (#9);
DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
A 2D AMENDED COMPLAINT (#12);
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#14), AND;
DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

Defendant Bob Evans Farms, Inc. moves to dismiss plaintiff Mark Evans' claims of unlawful employment discrimination. Plaintiff also moves for reconsideration of the court's March 9, 2005 denial of plaintiff's application for appointment of counsel. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motions. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

## I. Background

Plaintiff, appearing pro per, filed a one-page Complaint on March 7, 2005, which reads:

> Fired as result of retaliation for discimanation [sic].  Discrimanation [sic] was on going [unintelligible] I reported it to Home Office an [sic] Michigan Civil Right Dept. then retaliation started and end up firing.  Document inclose [sic] to show there [sic] and purchury [sic] that cause me great hardship and losing 3 yr of my life and mental anguish not being able to see family or friend also careerless [sic] and has left me indigent also, and since over 40(45) hard to explain why you left [unintelligible] job make it hard to get employment and also fact of a lot of restaurants have closed also.  Seeking monumental relieve [sic] or to make one's self whole again.

Attached to the complaint are 31 pages of documents, ranging from plaintiff's "affidavit," pages 23, 39, and 43 of what appear to be part of an employee handbook, a September 20, 2004 letter to plaintiff from the Michigan Department of Civil Rights ("MDCR") inquiring about a complaint filed against defendant Bob Evans by one Vernon Whitehead, a Charge of Discrimination filed with the MDCR by plaintiff, a six-page single-spaced document attempting to document false statements apparently made to the MDCR or United States Equal Employment Opportunity Commission ("EEOC") by Bob Evans employees, an October 1, 2004 letter from current defense Counsel to the Detroit Office of the EEOC containing plaintiff's hand-written criticisms in the margins of the letter, a copy of a September 29, 2004 affidavit executed by Bob Evans Area Director Brian Dombek likewise containing plaintiff's hand-written criticisms in the margins, a June 13, 2002 "Grill Cook Evaluation" of plaintiff, a determination by the Michigan Bureau of Workers' & Unemployment Compensation that plaintiff was not disqualified from receiving benefits based on a finding that plaintiff did not quit his job, and a May 30, 2004 letter from one Judith Agar to "whom  it may concern" setting forth certain employment complaints.

On April 6, 2005, plaintiff filed a one-page Amended Complaint, reading:

> Fired as a result of discrimination and retaliation for reporting it. Discrimination was ongoing at store 266 since August of 2002.  I reported it to Home office and to Michigan civil rights department[.]  That's when

retaliation started and ended up in termination as the result.

Documents and Affidavits and letters and files attached shows there [sic] actions of discrimination and perjury that cause great and unnecessary hardship and mental anguish and mental stress since I was the close to father when came here for training and leaving me in strange place far from home and no was to return and father being very ill.
There [sic] action took more than 4 years from my life and being over 40 make it a little hard to get employment and having no reason for termination also have been able to see my sons either as well as father and friends and also can't get 20+ year in to finish career which they have caused all this.
Actually, it would take at least 8 years to even compensate my loss (the 4 years already lost and 4 more years to try to establish my self with another company meaning to get same vacations and 401 k etc.)
So in conclusion I am seeking monumental relief in order to make one's self whole again.

## II. Motion to Dismiss

Defendant Bob Evans now moves to dismiss the Amended Complaint arguing it fails to comply with the pleading standards of Federal Rule of Civil Procedure 8(a). Bob Evans asserts the Amended Complaint fails to set forth a short and plain statement of the grounds for this court's jurisdiction, or even the statute or statues upon which plaintiff's claims are based. Bob Evans maintains that, even assuming plaintiff is attempting to state claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., or the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., plaintiff has failed to plead the jurisdictional prerequisites that he filed a timely charge with the EEOC, that he received an EEOC right-to-sue-notice, and that he filed this lawsuit within 90 days of receiving the right-to-sue-notice. Bob Evans also argues it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failing to provide fair notice of the claims Bob Evans must defend, and dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction.

3

On May 12, 2005, the court granted plaintiff's request for an extension of time to file his response:

> Considering plaintiff's <u>pro</u> <u>se</u> status, the circumstances underlying his filing of his motion for an extension of time to file a response, and the early stage of this lawsuit, the court finds good cause for granting plaintiff an extension of time to file a response under Rule 6(b)(1), noting a probability that the motion was timely submitted for filing. In the alternative, the court also finds that plaintiff's use of an inaccurate mailing address constitutes excusable neglect for extending the time for filing a response. Plaintiff is herein instructed that future filings should be mailed to:
>
> Clerk of the Court
> United States District Court for the Eastern District of Michigan
> 231 West Lafayette Blvd.
> Room 564
> Detroit, Michigan 48226
>
> "While a <u>pro</u> <u>se</u> party is entitled to have [his] pleadings construed liberally, [he] will not be relieved of the responsibility to comply with the basic rules of court." <u>Brown v. L.E. Woodard</u>, No. 95-5792, 1998 WL 211785, **1 (6th Cir. April 23, 1998). Plaintiff is hereby forewarned of his duty to comply with the basic rules of court, as found in the Federal Rules of Civil Procedure and Eastern District of Michigan Local Court Rules, including but not limited to the rules for filing an appropriate and timely response to a motion to dismiss. <u>See</u> for <u>example</u> Eastern District of Michigan Local Court Rules 5.1 ("Filing of Papers"), 7.1 ("Motion Practice"). Plaintiff's failure in the future to comply with the basic court rules could result in the dismissal of his claims.

May 12, 2005 Order, at 2-3.

Within his one-page May 31, 2004 response, plaintiff includes a "motion to reamend." Plaintiff admits his Amended Complaint was incomplete because it did not include a copy of his January 3, 2005 EEOC right-to-sue notice, as attached to his proposed "2d Amended Complaint." The proposed 2d Amended Complaint reads:

> Fired as a result of discrimination and retaliation for reporting it.
>
> Discrimination was on going at store 266 since August of 2002.
>
> I reported it to Home office and to Michigan civil right department in January of 2003 which is suppose to a protected right.

4

That's when retaliation became more evident or severe and violation became more frequent and federal and state laws were being violated and Exhibit A and B.

Where the general manager of store of BOB EVANS Farms Inc. (Sean Burk) created great harassment and difficulties and a very hostile work place for me which where [sic] discriminatory practices as shown in exhibit B that cause undo [sic] stress and anguish as shown in exhibit C and D(Quid pro quo harassment and quid pro quo hostile work environment) and great mental anxieties as shown in exhibit C.

Then end up in termination as a result of there actions.
Then Bob Evans farms Inc general manager (Sean burke) and area director (Brian Dumback) both perched [sic] or lied to federal and state authorities with intent to cause hardship and intentional infliction of emotional distress which also violates federal and state laws as shown in exhibits B and C.
Have documents and affidavits, letters and files which support these claims. which the court have copies of and will come out in discovery and deposition. This all cost me a great deal of hard ship and emotional distress too in which I am seeking punitive damages and other actions that will make an individual "WHOLE"(in the condition that I would have been but for the discrimination and retaliation).
ALSO would remedies would include:

  court cost,

  witness fee's

Plaintiff's Proposed May 31, 2005 Proposed 2d Amended Complaint.  Attached to the proposed 2d Amended Complaint is an EEOC "Notice of Suit Rights" signed by EEOC Detroit District Director James Neely, Jr. on January 1, 2005.  The exhibits A-D referenced in plaintiff's proposed 2d Amended Complaint are, respectively: (1) a three-page article titled "THE DEFINITION OF 'HOSTILE WORK ENVIRONMENT' HARASSMENT" authored by UCLA Professor Eugene Volokh; (2) a four-page document apparently taken from an EEOC website entitled "DISCRIMINATORY PRACTICES"; (3) a copy of criminal code 18 U.S.C. § 1621 setting forth the federal crime of perjury, and; (4) a one-page document apparently taken from the website "workplace fairness" titled "discrimination: retaliation for

5

a complaint."

In his motion for reconsideration for the appointment of counsel, plaintiff seeks "appointment for an attorney under Civil Rights Act of 1991 under Title VII and the ADA or the ADEA." July 8, 2005 Motion for Reconsideration, at 1. Plaintiff states he moves for reconsideration of the March 9, 2005 denial of appointment of counsel "due to the fact that really not qualified to handle a case of this magnitude and don't want lose it for some dumb technicality, (Like jurisdiction and what reason which I thought was clear but apposing party didn't) which all this should come out in discovery." Id.

### III. Analysis

#### A. Federal Subject Matter Jurisdiction

The court is not convinced Bob Evans is entitled to dismissal for lack of federal subject matter jurisdiction. "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990). Plaintiff's EEOC Charge of Discrimination attached to his initial Compliant alleges that plaintiff's EEOC complaint was based on the ADEA, alleging age discrimination and retaliatory discharge occurring on November 4, 2003. In responding to the motion to dismiss, albeit through the filing of a proposed 2d Amended Complaint, plaintiff has proffered a January 1, 2005 EEOC "Notice of Suit Rights." Plaintiff filed his Complaint less than 90 days later, on March 7, 2005, alleging he was fired for retaliation and discrimination as associated with his 45 years of age. Bob Evans is not entitled to dismissal under Rule 12(b)(6) for lack of federal subject matter jurisdiction.

#### B. Non-compliance with Basic Rules of Procedure

6

More problematic for plaintiff is his failure to even attempt to comply with the most basic rules of federal procedure, giving rise to defendant Bob Evan's argument that plaintiff's failure to meet the requirements of Federal Rule of Civil Procedure 8(a) has deprived Bob Evans of notice of the nature of the claims Bob Evans is required to defend against. As stated by the Sixth Circuit Court of Appeals as earlier cited by this court:

> While a pro se party is entitled to have her pleadings construed liberally, she will not be relieved of the responsibility to comply with the basic rules of court. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements), Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988) (court adopts rule that no special treatment was to be afforded ordinary civil litigants who proceed pro se).

Brown, 1998 WL 211785 at **1.

Notwithstanding the court's May 12, 2005 Order warning to plaintiff of his duty to comply with the basic rules of procedure found in the Federal Rules of Civil Procedure and Eastern District of Michigan Local Court Rules, plaintiff has made no apparent attempt to comply with the most basic procedural rules in filing his proposed 2d Amended Complaint on May 31, 2005. See Federal Rule of Civil Procedure 8(a) (requiring "a short and plain statement of the ground's upon which the court's jurisdiction depends" and a "short and plain statement of the claim showing that the pleader is entitled to relief"), Rule 8(e) (stating that "[e]ach averment of a pleading shall be simple, concise, and direct"), and Rule 10(b) (requiring that "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each shall be limited as far as practicable to a statement of a single set of circumstances," and that "[e]ach claim founded upon a separate transaction or occurrence

7

. . . shall be stated in a separate count"). Plaintiff's characterization of the procedural rules for pleading jurisdictional requirements as "dumb technicalities" demonstrates hostility to his duty as a pro se litigant to adhere to basic pleading requirements.

Plaintiff's pro se status does not provide plaintiff with the special treatment of requiring Bob Evans and this court to flesh out plaintiff's claims from the myriad of documents attached to plaintiff's March 7, 2005 Complaint, April 6, 2005 Complaint, and May 31, 2005 proposed 2d Amended Complaint.  While the court was not persuaded that it lacked jurisdiction over a possible ADEA claim,  it is entirely unclear whether plaintiff is attempting to allege "Quid pro quo harassment and quid pro quo hostile work environment" under the ADEA, a civil claim of perjury under a criminal statute, or a claim under Michigan law of intentional infliction of emotional distress.  As defendant Bob Evans points out, neither plaintiff's Complaint, Amended Complaint, nor proposed 2d Amended Complaint alleges any specific theory of recovery; "discrimination" and "retaliation" are not claims in and of themselves.

Moreover, plaintiff's Complaint, Amended Complaint, and 2d Amended Complaint do not articulate a factual basis for any specific legal claims, again impermissibly leaving defendant Bob Evans and the court to sift through various documents to ascertain what acts allegedly committed by Bob Evans constituted, for example, "quid pro quo harassment" premised on plaintiff's age.   Plaintiff's pro se status and lack of legal qualifications does not relieve him of his duty to meet  the most basic of pleading requirements.  Brown, 1998 WL 211785 at **1.  Curiously, plaintiff is able to grasp more difficult legal concepts, referring to development of his case in "discovery and deposition" in his 2d Amended Complaint.  Plaintiff also grasped the concept of filing a motion for

8

reconsideration.  Through the filing of his proposed 2d Amended Complaint, filed after plaintiff was expressly warned that he must comply the basic rules of civil procedure, plaintiff demonstrates his lack of intent of even *attempting* to comply with the most fundamental rules for prosecuting a civil claim in federal court.  Plaintiff's reference to "dumb technicalities" confirms the court's belief that plaintiff has no intent of meeting his own legal responsibilities in pursing this federal lawsuit.  Plaintiff's request for leave to file the 2d Amended Complaint to meet Bob Evan's motion to dismiss is unavailing in that the 2d Amended Complaint, lacking the minimum requirements of Federal Rule of Civil Procedure 8(a), 8(e) and 10(b), would not survive a motion to dismiss.  Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 870 F.2d 1117, 1124 (6th Cir. 1989); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### C. Reconsideration

A motion for reconsideration must be filed within 10 days after entry of the order. E.D. Mich. LR 7.1(g)(1).  Petitioner's motion for reconsideration of the court's March 9, 2005 Order is thus untimely.  Further, plaintiff has failed to demonstrate a palpable defect by which the court and the parties were mislead.  E.D. Mich. LR 7.1(g)(3).  While federal employment discrimination statutes like the ADEA allow for the recovery of attorney fees by a prevailing plaintiff's counsel, they do not require the appointment of counsel.  In in forma pauperis cases "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointment of counsel in a civil case is not a constitutional right, but a privilege justified only under exceptional circumstances.  Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).  The complexity created by plaintiff's refusal

9

to abide by the most basic rules of civil procedure does not constitute such an exceptional circumstance.

### III. Conclusion

For the reasons set forth above, defendant Bob Evan's motion to dismiss is DENIED, in part, to the extent the motion is premised on a lack of federal subject matter jurisdiction.  Defendant Bob Evan's motion is hereby GRANTED, in part, to the extent the motion is premised on plaintiff Mark Evan's demonstrated refusal to even attempt to comply with the basic rules of procedure as found in the Federal Rules of Civil Procedure and Eastern District of Michigan Local Court Rules.  Brown, 1998 WL 211785 at **1; May 12, 2005 Order, at 2-3.  Plaintiff's motion for leave to file the 2d Amended Complaint is hereby DENIED.  Plaintiff's motion for reconsideration is hereby DENIED.  Plaintiff's claims are hereby DISMISSED without prejudice.

SO ORDERED.


s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 15, 2005, by electronic and/or ordinary mail.


s/Josephine Chaffee_____
Secretary/Deputy Clerk